**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-4585**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TYRONE BRAGG,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00388-D-3)

———————————

Submitted:  June 20, 2023                             Decided:  July 12, 2023

———————————

Before HARRIS and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Dismissed in part, affirmed in part by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Bragg pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 280 grams or more of cocaine base, 100 kilograms or more of marijuana, and a quantity of methylenedioxymethamphetamine (MDMA), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)-(C), 846, and possession with intent to distribute 500 grams or more of cocaine, 280 grams or more of cocaine base, and quantities of marijuana and MDMA and aiding and abetting, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). The district court sentenced Bragg to 168 months' imprisonment and 5 years of supervised release. On appeal, Bragg's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether Bragg's guilty plea is valid and whether his sentence is procedurally reasonable. Bragg has filed a pro se supplemental brief in which he challenges the procedural reasonableness of his sentence and claims trial counsel rendered ineffective assistance and counsel for the Government engaged in misconduct. Invoking the appeal waiver in Bragg's plea agreement, the Government moves to dismiss the appeal.

Before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea was voluntary and did not result from threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R.

2

Crim. P. 11(b)(3). Because Bragg did not seek to withdraw his guilty plea in the district court, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks and citation omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks and citation omitted).

Here, the record reveals that Bragg consented to a Rule 11 hearing before a magistrate judge, and the magistrate judge complied with the mandates of Rule 11 in accepting Bragg's guilty plea. Bragg's plea was supported by a sufficient basis in fact, and Bragg entered the plea knowingly and voluntarily with an understanding of the consequences. We thus discern no plain error warranting correction in the acceptance of Bragg's guilty plea and conclude that his guilty plea is valid.

Turning to Bragg's appeal waiver, we review its validity de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms."

3

*United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks and citation omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks and citation omitted). Our review of the record confirms that Bragg knowingly and voluntarily waived his right to appeal his convictions and sentence, except based on claims of ineffective assistance of counsel and prosecutorial misconduct not known to him at the time of his guilty plea. We therefore conclude that the waiver is valid and enforceable and that the procedural sentencing challenges raised by counsel and Bragg fall squarely within the scope of the waiver.

Next, Bragg questions whether trial counsel rendered ineffective assistance in connection with sentencing. This court typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To demonstrate ineffective assistance of trial counsel, Bragg must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record. Bragg's claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508. We therefore decline to address these claims at this juncture.

4

Turning to Bragg's claims of prosecutorial misconduct, we review them for plain error because Bragg did not raise claims of prosecutorial misconduct in the district court. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005).  To succeed on a claim of prosecutorial misconduct, the defendant bears the burden of showing that the prosecution engaged in misconduct and that such conduct "prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." *Id.*  We have reviewed the record and find no improper conduct on the part of the prosecution that prejudiced Bragg.  We thus discern no plain error warranting correction in this regard.

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious grounds for appeal.  We therefore grant the Government's motion to dismiss the appeal in part and affirm in part.  This court requires that counsel inform Bragg, in writing, of the right to petition the Supreme Court of the United States for further review.  If Bragg requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bragg.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

5